IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLI ROSE NICHOLS | § | |
| f/k/a SHERI LYNN SMITH, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-2654-G-BK |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, this case was automatically referred to the magistrate judge for pretrial management. The Court now considers Defendant's *Motion to Dismiss*, Doc. 4. For the reasons that follow, this case should be **DISMISSED WITHOUT PREJUDICE**.

In August 2016, Plaintiff Charli Rose Nichols filed this action in state court against Defendant Wells Fargo Bank, N.A., asserting various claims arising from Defendant's efforts to foreclose on Plaintiff's real property in Rowlett, Texas ("the Property"). Doc. 1-5.[1] Plaintiff also sought a temporary restraining order and permanent injunction preventing the foreclosure sale of the Property. Doc. 1-5.[2] Defendant removed the cause to this Court on the basis of diversity jurisdiction, and filed a motion to dismiss. Doc. 1 & Doc. 4. After Plaintiff, who is represented by counsel, failed to respond to the motion, the Court issued an order directing her to show cause for her

---

[1] Plaintiff asserts causes of action for (1) breach of contract, (2) common law fraud, and (3) breach of the duty of good faith and fair dealing. Doc. 1-5 at 4-5.
[2] The state court granted Plaintiff's request for a temporary restraining order on September 2, 2016. *See* Doc. 1-6.

failure to do so, and warned her that if she failed to file a response, she risked dismissal of her case. Doc. 9. Plaintiff did not comply.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

Plaintiff has had ample opportunity to comply with the Court's order and has impliedly declined or refused to do so. Moreover, as she is representing herself in this matter, the failure to contest Defendant's motion to dismiss falls squarely on her shoulders as well.

Accordingly, Plaintiff's claims should be **DISMISSED WITHOUT PREJUDICE**[3] for failure to prosecute and to comply with a court order, and this case should be closed.

**SO RECOMMENDED** on May 6, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] As best the Court can glean from Plaintiff's allegations, limitations have not yet expired on her claims. See *Kansa Reinsur. Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1369 (5th Cir. 1994) (applying a four-year statute of limitations to fraud and breach of contract claims under Texas law) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.004); *Martinez Tapia v. Chase Manhattan Bank, N.A.*, 149 F.3d 404, 411 (5th Cir. 1998) (applying a two-year statute of limitations to good faith and fair dealing claims under Texas law). Thus, dismissal of this case without prejudice will not unfairly affect Plaintiff's legal interests.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE